# EXHIBIT A



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JALILAH OTTO | Case Number: 2116-CV26746 |
| Plaintiff/Petitioner:<br>TAMARA LANE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>BROWN & ASSOCIATES LLC<br>301 S US 169 HWY<br>GOWER, MO 64454 |
| Defendant/Respondent:<br>GRACE HOSPICE, L.L.C.<br>DBA: ELARA CARING | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: GRACE HOSPICE, L.L.C.
Alias:
DBA: ELARA CARING

C/O C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-DEC-2021
Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                         Date                Notary Public

**Sheriff's Fees**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge $  10.00
Mileage          $_____ (_____ miles @ $_____ per mile)
Total            $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-11532**  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020

IN THE CIRCUIT COURT OF JACKSON COUNTY MISSOURI
AT KANSAS CITY

| | |
|---|---|
| TAMARA LANE,<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>GRACE HOSPICE, L.L.C.<br>d/b/a ELARA CARING,<br>Registered Agent<br>C T Corporation System<br>120 South Central Ave<br>Clayton, MO  63105<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## PETITION

**COMES NOW** the Plaintiff, Tamara Lane, by and through her attorneys, and on behalf of herself, the Putative Class set forth below, and in the public interest, brings the following class action Petition against Defendant, Grace Hospice L.L.C. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third-party entity.

3. Defendant paid a fee for the information it obtained concerning the Plaintiff.

4. The third-party entity that provided the information concerning the Plaintiff was a Consumer Reporting Agency.

5. The information the Defendant obtained from the Consumer Reporting Agency, concerning the Plaintiff, was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

6. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

7. Defendant relies on information in a Consumer Report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

8. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

9. On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

10. Plaintiff is a resident of Lexington, Missouri. Plaintiff is a member of the Putative Classes defined below.

11. Defendant is a domestic company doing business in Missouri.

## JURISDICTION AND VENUE

12. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

13. Venue is proper in this Court pursuant to R.S.Mo. 508.010.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Plaintiff applied online for employment with the Defendant in or about September 2021.

16. Plaintiff received an automated message from the Defendant.

17. Plaintiff set up an interview with Amanda Martin, an employee for Defendant.
18. Plaintiff had a phone interview with Amanda Martin.
19. Plaintiff told Amanda Martin that she had some criminal issues.
20. Amanda Martin told the Plaintiff that she understood and also had some criminal issues.
21. Plaintiff was offered employment during the interview.
22. Plaintiff received pre-hire paperwork from Amanda Martin.
23. Plaintiff completed the pre-hire paperwork.
24. Plaintiff began working for the Defendant on or about September 30, 2021.
25. Defendant called the Plaintiff on or about October 11, 2021.
26. Defendant told the Plaintiff she was being terminated because of information in her Consumer Report.
27. The Defendant told the Plaintiff she could reapply for employment if she could provide information that the report was inaccurate.
28. Plaintiff provided the Defendant with information that the report was inaccurate.
29. Plaintiff was directed to resubmit her application.
30. Defendant scheduled the Plaintiff for an interview.
31. Plaintiff was subsequently informed by the Defendant that she would not be considered for employment and the interview was cancelled.
32. Plaintiff attempted to contact the Defendant by phone.
33. Plaintiff left a number of messages that were not returned.
34. The initial denial of employment and the subsequent refusal to communicate regarding employment were based on information in the Plaintiff's Consumer

Report.

35. Plaintiff was not provided with a copy of her Consumer Report.

36. Plaintiff has never received a copy of her Consumer Report from the Defendant.

37. Terminating the Plaintiff because of information in her Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

38. Plaintiff was not provided with a reasonable amount of time to review, explain, challenge and/or otherwise address the information in his Consumer Report.

39. The significance of an individual's interest in retaining employment cannot be overstated.

40. Defendant's actions deprived the Plaintiff of her right to address the information being used against her.

41. Defendant's actions deprived the Plaintiff of her livelihood.

42. Defendant's action threatened the Plaintiff's livelihood.

43. Defendant's actions deprived the Plaintiff of her quasi due process rights.

44. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based on information in her Consumer Report.

45. Plaintiff was not given a copy of her Consumer Report prior to the adverse action.

46. Plaintiff has suffered stress and anxiety as a result of the termination of employment.

47. Defendant is contractually and statutorily bound to provide the Plaintiff with a copy of her Consumer Report before taking any adverse action based, in whole or in part, on information in the report.

48. On information and belief, the Defendant contracted with the Consumer

Reporting Agency that provided the Consumer Report that it would provide a copy of the Consumer Report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a Consumer Report.

49. The agreements made between the Defendant and the Consumer Reporting Agency require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

50. Defendant is aware of the FCRA.

51. Defendant has knowledge that it must comply with the FCRA.

52. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

53. Defendant's failure to provide the Plaintiff with a copy of the Consumer Report, a reasonable notice period in which to address the information in the Consumer Report, and/or a written description of rights under the FCRA prior to the adverse action constitutes multiple violations of the FCRA.

54. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

55. The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

57. Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after December 6, 2019, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of such report, a reasonable notice period in which to address the information contained in the Consumer Report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

58. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

### Common Questions of Law and Fact

59. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

   a. Whether Defendant uses the information in an individual's Consumer Report to take adverse actions;

   b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the report to the affected individuals;

   c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to properly address or explain the contents of the Consumer Report or cure any inaccuracy within the Consumer Report

prior to the adverse employment action;

    d. Whether the Defendant violated the contractual or statutory rights of the Plaintiff and other members of the Adverse Action class;

    e. Whether Defendant's violations of the FCRA were willful;

    f. The proper measure of statutory damages and punitive damages.

### Typicality

60. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses Consumer Reports to conduct background checks on employees and prospective employees, but fails to provide the Consumer Report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

61. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

62. A class action is superior to any other available method for the fair and efficient

Electronically Filed - Jackson - Kansas City - December 06, 2021 - 03:31 PM

adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

63. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

64. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

65. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly

duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

66. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS
### Adverse Action Violations

67. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.
68. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.
69. Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.
70. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.
71. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address the information in the Consumer Report, explain the information in the Consumer Report, and/or or cure any inaccuracies within the Consumer Reports prior to the adverse action.

72. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

73. Had Defendant complied with the FCRA, Plaintiff would have been given time to review the information contained in the Consumer Report and to explain, dispute and/or otherwise address the information contained in the Consumer Report.

74. Plaintiff was not provided with a reasonable amount of time to challenge any information contained within the Consumer Report before being denied employment.

75. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the Consumer Report.

76. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

77. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

78. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed if a Consumer Report was received concerning the consumer.

79. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

80. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

81. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a. Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

    b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c. Order directing proper notice to be mailed to the Putative Class at Defendants' expense;

    d. Order finding that Defendants committed multiple, separate violations of the FCRA;

    e. Order finding that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

    f. Order awarding statutory damages and punitive damages as provided the FCRA;

    g. Order awarding reasonable attorneys' fees and costs as provided by the

Electronically Filed - Jackson - Kansas City - December 06, 2021 - 03:31 PM

FCRA; and

h.  Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

Respectfully submitted,

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF